(53 N. W. Rep. 430.)

---

STATE *ex rel.* R. R. Co. *vs.* JUDGE OF DISTRICT COURT OF STUTSMAN COUNTY.

Opinion filed Oct. 31st, 1892.

**Mandamus to District Judge—Refusal to Decide Motion for New Trial.**

> Alternative writ of *mandamus* quashed, because it appeared that the motion for a new trial, which it directed the District Judge to decide, was not pending before him for decision.

Application by the state on relation of the Northern Pacific Railroad Company for a writ of *mandamus* to compel the judge of the District Court of Stutsman County, to take up and decide a motion

for a new trial, which was alleged to be pending before him for decision. The alternative writ was quashed, and proceedings dismissed.

*Ball & Watson* and *John C. Bullitt, Jr.*, for plaintiff.
*S. L. Glaspell* and *E. W. Camp*, for defendant.

CORLISS, C. J. On petition of the relator, an alternative writ of *mandamus* was issued directing the defendant to take up and decide a motion for a new trial, which it was alleged in the petition was before him for decision, but which it was averred he refused to determine. On the hearing in this court, the defendant filed his answer to the alternative writ, and, an issue thus being formed, it was stipulated in open court that the court might treat the petition, answer, and affidavit as evidence, and determine the questions upon this record without further proof. It lies wholly beyond our province to govern by the writ of *mandamus* the exercise of judicial discretion, nor can we use it as a procedure to correct errors in a case in which the judge or court has not refused to act, but has committed some mistake. Nonaction is the basis of the writ, provided a duty to act is established. It is urged in this case that the defendant has not refused to entertain and decide a motion for a new trial, for the reason that there is not pending before him any such motion for decision. If this fact be true, the alternative writ must be quashed. We are satisfied it is true. It appears to be undisputed that a notice of motion for a new trial was duly served upon the counsel for the plaintiff in the action by council for the defendant in such action. The defendant therein is relator in this proceeding. It further appears that on the day and at the place specified in the notice, counsel for defendant in the action appeared before the District Judge, but that no one appeared for the plaintiff. On that day the motion was not argued, and the judge indorsed upon the papers a statement that the hearing of the motion was continued from that day (September 12th, 1889,) to September 21st, 1889. On the last named day no one representing either party appeared before the judge, nor does anything appear to have been done thereafter

by either party with reference to the motion. It was urged that these facts established a submission of the motion to the court on the part of the relator herein as a matter of law. We cannot agree to this proposition. The action taken by the court in continuing the hearing of the motion to a later day, no argument having been made by counsel for the relator, would strongly indicate that the whole matter was left open, not only as to the plaintiff in the action, but also as to the defendant, the relator in this proceeding. If these facts conclusively established that the counsel for the relator on the 12th of September, informed the court that, while it might be disposed to continue the hearing of the motions so far as plaintiff was concerned, he desired then and there, on his part, to submit the motion on behalf of the defendant, then it might well be claimed that the motion was in fact submitted by the defendant, and that, therefore, the court was bound to decide it whether the plaintiff ever appeared or not, as he was in default in failing to appear at the time specified in the notice of motion. But what took place is entirely consistent with the whole matter being left in the same condition as though the adjourned day (September 21st) was the first day set for the hearing, and as though nothing was done with respect to the motion except to postpone the argument and submission of it, as is frequently the case. It is true that the counsel for the relator asserts that the motion was submitted on September 12th, but this may be his conclusion from the facts already referred to. We feel constrained to put this construction on his statement because he nowhere details any additional facts which would tend to show an actual submission on his part. Probably, in the absence of any positive evidence that there was no submission of the motion, we would regard his statement as one of fact, and not as a mere statement of his inference from other facts. But the learned judge to whom it is insisted that this motion was submitted distinctly and positively asserts that the motion was never at any time submitted to him for decision, and that the papers were never left with him for decision. Whether they were left with him

at all is in doubt.   Unless the motion was submitted to him for decision on September 12th, or September 21st, it could not be submitted at all.   After September 21st, no continuance of the motion having been made, and it not having been then or at any previous time submitted, it ceased to be a pending motion.   There being no motion before the judge, he has no duty to perform with respect to it, and the alternative writ should therefore be quashed.

Many interesting and difficult questions were discussed on the argument, but the conclusion we have reached renders any decision upon them unnecessary.   Under the circumstances, whatever we might say touching them would be only *obiter*.   The writ was issued under §§ 86, 87, of the state constitution, vesting in this court superintending control over all inferior courts, and giving it power to issue such original and remedial writs as may be necessary to the proper exercise of its jurisdiction.   The alternative writ must be quashed, and the proceeding dismissed.   All concur.